MEMO ENDORSED

Clerk of Courts                                    8-20-20

I have Exh. 1 coming in a different envelope which is my medical records and it shows my symptoms and the medications that I am taking to help with my condition. Thank you for your time and consideration. Have a great day.

Demetrius Williams
#67257-054
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887

Aug. 20, 2020

Clerk of Court
300 Quarropas St.
White Plains, N.Y. 10601

Re: United States v. Demetrius Williams, No. 12-cr-726 (KMK)

Dear Clerk of Court,

 Enclosed is a copy of "Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A), Due To The COVID-19 Pandemic." Can you please file this with the court. In addition, there is one exhibit of the prison medical records.

 Thank you for your time, take care

Sincerely,

[signature]

(p. 1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

v.                                                                   No. 12-cr-726 (KMK)

Demetrius Williams,
~~Defendant.~~

MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A), DUE TO THE COVID-19 PANDEMIC.

The Defendant, Demetrius Williams, pro-se, respectfully moves this Court pursuant to § 3582(c)(1)(A) for an order to reduce his term of imprisonment (137 months), to home confinement, or house arrest, because Williams has underlying medical conditions that places him at risk of developing a severe case of COVID-19.

As amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment:

upon motion of the Director of the BOP, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring

Case 7:12-cr-00726-KMK Document 54 Filed 09/01/20 Page 4 of 12
Case 7:12-cr-00726-KMK Document 62 Filed 11/19/20 Page 4 of 12
(p.2)

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

§ 3582(c)(1)(A).

Section 1B1.13 of the United States Sentencing Guidelines contains the only policy statement issued by the Sentencing Commission pertaining to compassionate release. This policy statement, which has not been amended since the passage of the First Step Act, states, in relevant part:

Upon motion of the Director of the BOP under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised

(P.3)

release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –

(1)(A) extraordinary and compelling reasons warrant the reduction; ...

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);

and (3) the reduction is consistent with this policy statement. § 1B1.13.

Section 1B1.13 provides that extraordinary and compelling reasons exist in the following situations:

(A) Medical Condition of the Defendant. –

(ii) The defendant is –

(1) suffering from a serious physical or medical condition....

(P.4)

## (1.)(A.) WILLIAMS IS ELIGIBLE FOR A REDUCED SENTENCE BECAUSE OF HIS UNDERLYING CONDITIONS.

Williams has multiple underlying conditions that puts him at high risk of contracting COVID-19. He suffers from Hypertension, high cholesterol, and heartburn. Williams receives medication for all of these conditions. See Exh. 1, Prison Medical Records. If Williams were to contract COVID-19 while in prison it can be fatal for him because there is no way for him to social distance from other inmates.

Courts have based their resolution of compassionate release requests in the COVID-19 era on whether the inmate-movant had an underlying medical condition that placed him or her at risk of developing a severe case of the illness. See United States v. Sawicz, No. 08-cr-287, 2020 U.S. Dist. LEXIS 64418 at *2 (E.D.N.Y. Apr. 10, 2020) (finding that "the COVID-19 pandemic, combined with" hypertension, constitutes an extraordinary and compelling reason).

In making such a determination, numerous courts

(p.5)

have looked to guidelines issued by the Centers for Disease Control and Prevention ("CDC") as to what conditions place an individual "at higher risk for severe illness." see United States v. Zukerman, No. 16-cr-194, 2020 U.S. Dist. LEXIS 59588 at *3-4 (S.D.N.Y. Apr. 3, 2020) (granting release where defendant was elderly, obese, diabetic, and had high blood pressure, all risk factors identified by the CDC); United States v. Park, No. 16-cr-473, 2020 U.S. Dist. LEXIS 73048 at *1 (S.D.N.Y. Apr. 24, 2020) (granting release where defendant had CDC-identified risk factors, including asthma and a compromised immune system).

Williams' underlying conditions are all on the list of risk factors identified by the CDC. There are currently 4 confirmed cases at FCC Allenwood complex, and the cases in Union County, where the prison is located, are increasing everyday at a fast rate. Clearly Williams is eligible and fits all the factors under § 3582(c)(1)(A) and § 1B1.13 to be considered for a

(P. 6)

reduced sentence.

### (1.)(B.) THE COURT SHOULD EXERCISE IT'S DISCRETION TO REDUCE WILLIAMS' SENTENCE DUE TO HIS UNDERLYING CONDITIONS AND THE §3553(a) FACTORS.

Williams has shown that his underlying medical conditions presents "extraordinary and compelling reasons" for the court to reduce Williams' sentence. He has served at least 70% of his sentence, has taken multiple programs, currently works in the UNICOR factory, and is set to be released to the halfway house in 2021.

In addition, Williams is not a danger to the safety of any other person or to the community, and has a release plan ready for the court, with an approved address and potential jobs available to him upon release. The court should exercise it's discretion to reduce Williams' sentence to house arrest or home confinement to prevent Williams from contracting COVID-19.

Williams has already exhausted his remedy when the Warden denied his request for compassionate release

(P. 7)

in April of 2020. Williams has already mailed a copy of the denial to the court, but if the court requests another copy of the Warden's denial, Williams will forward another copy.

## CONCLUSION

The court should grant Williams' motion to help prevent him from contracting COVID-19, the same virus that has taken the lives of 170,000 americans, and give Williams an opportunity to be released and receive the best medical attention possible.

Dated: 8-20-20

RESPECTFULLY SUBMITTED,

Demetrius Williams

---

† Application for compassionate release under 18 U.S.C. Section 3582 is denied. The Government represents that BOP records establish that Defendant has not fully exhausted his administrative remedies (having not sought release from the Warden), which he must before the merits can even be considered. On the merits, the application suffers from the fact that Defendant apparently has already recovered from COVID-19, having been mostly asymptomatic, thus providing him immunity from the virus, at least for the next several months. (See https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html) (citing studies that immunity from COVID-19 has been found to last at least 8 months). Moreover, while Defendant's hypertension may present a risk factor, Defendant is not in the age bracket of high risk individuals and there is no evidence that his hearburn is a risk factor. And, finally, even if Defendant offered extraordinary and compelling reasons for his release, the Section 3553(a) factors cut against release, given Defendant's offense of conviction and problematic criminal history. An early release would undermine the reasons for the Court's sentence and endanger the community.

So Ordered.

/s/ KMK

11/18/20

(8.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 8-20-20

Demetrius Williams



EXH. 1.
* PRISON MEDICAL RECORDS *

Demetrius Williams #67257054
FCI AllenWood
P.O Box 2000
White Deer P.A 17887



7016 1370 0002 2937 9256



Clerk of Court
Honorable Judge KARAS
United States Courthouse
300 Quarropas Street
White Plains. N.Y 10601



AUG 24 2020

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

DATE AUG 20 2020

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.