**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEMETRIUS WILLIAMS
                Petitioner,
  -against-
UNITED STATES OF AMERICA
                Respondent,

---

12Cr.726
RULE 60 (b)(6)

     DEMETRIUS WILLIAMS brings notice of Constitutional issues in a Rule 60 (b) (6) motion to bring a Tenth Amendment claim to challenge federal law, see <u>Bond v. United States, 572 U.S. 844 (2014)</u>. My arrest violated the narrow federal stated balance and was not privileged to the United States. A federal drug conspiracy is an agreement to violate the federal drug laws. To prove that a person is guilty of drug conspiracy charges, the government must have sufficient evidence of two things: (1) there was an agreement between two or more people to violate a federal drug law; and (2) each alleged conspirator knew of the unlawful agreement and joined in it under federal law. I never had a chance to argue this and my attorney was ineffective. On August 12, 2012, I was charged with NY Penal Law 145.00-1 Criminal Mischief Fourth degree, NY Penal Law 140.25-2 Burglary Second Degree and NY Penal Law 120.15, NY Penal Law 220.16-1, NY Penal Law 220.16-12, PL 265.03, and VTL 511-2a2. I was placed in lock up pending arraignment. On August 13, 2012, at 6:27am, I was arraigned before Judge Martini and remanded to the Orange County jail to return on preliminary hearings on Friday evening by the Town of Newburgh Police. At 11:44pm I was taken into custody; my vehicle was towed. While in custody on September 9, 2012. I was indicted by a federal grand jury.

     Page one of the indictment reads that the grand jury charges: "On or about August 12, 2012, in the Southern District Of New York, Demetrius Williams, the defendant, after having been previously convicted of a crime punishable by imprisonment for a year term exceeding one year, to wit, a conviction on or about <u>March 19, 2004</u>, in Orange County Criminal Court, New York, for Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law Section 220.06, knowingly did possess in and affecting commerce a firearm and ammunition, to wit, a .25-caliber Raven semi-automatic pistol and fifty rounds of .25 caliber ammunition, which has been previously shipped and transported in interstate and foreign commerce. (Title 18, United States Code, Section 922 (g) (1)." The United States Misapprehended the state law and the

1

facts, People v Merly 2016 NY Slip Op 26066 Decided on March 7, 2016 Matter of Town of Ogden v LaVilla, 2020 NY Slip Op 04032, Fourth Dept 7-17-20, *1] P.S. v M.S. 2016 NY Slip Op 51803(U) Decided on June 1, 2016. Title 18 U.S. Code § 922(g) is a provision of U.S. federal law that forbids several categories of people, including felons, fugitives from justice, drug users and addicts, mental defectives, illegal aliens, dishonorably discharged military, former U.S. citizens who renounced their citizenship, persons subject to restraining orders, and persons who have been convicted of domestic violence misdemeanors (for a duration of five years from the date of conviction of the domestic violence misdemeanor(s)), "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. I have never been charged or convicted by the FEDS for shipping or transporting in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce,

  Apparently, the 2004 conviction is what the federal indictment is premised on rather than the August 12, 2012 arrest. A former conviction at a state level does not rise to a federal offense involving commerce in a second charge eight years later. I had no chance to be convicted or acquitted of the charges on August 12, 2012, and this violated my due process. I was not charged or convicted on March 19, 2004 for affecting commerce or being in possession of a gun that had been previously shipped and transported in interstate and foreign commerce nor could I be then or now. The outcome of the charges on the state level has no bearing on any Federal case. The federal government did not disclose any fruit of a federal investigation that justifies a federal indictment on the premise of interstate or foreign commerce, the apparent crux of federal jurisdiction. My arrest was impermissible under the commerce clause. My attorney was ineffective for not raising a Tenth Amendment claim to challenge federal law. All pleadings shall be so construed as to do substantial justice. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. see United States v. Martin, 226 F.3d 1042-Court of Appeals, 9th Circuit 2000. The standard test for whether a judgment is `final' for

Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently `final' to be appealed.").

The Commerce Clause refers to Article 1, Section 8, Clause 3 of the U.S. Constitution. The meaning of the word "commerce" is a source of controversy, as the Constitution does not explicitly define the word. Some argue that it refers simply to trade or exchange, while others claim that the Framers of the Constitution intended to describe more broadly commercial and social intercourse between citizens of different states. Thus, the interpretation of "commerce" affects the appropriate dividing line between federal and state power. Moreover, what constitutes "interstate" commercial activity has also been subject to consistent debate.

In *Gibbons v. Ogden*, 22 U.S. 1 (1824), the Supreme Court held that intrastate activity could be regulated under the Commerce Clause, provided that the activity is part of a larger interstate commercial scheme. In *Swift and Company v. United States*, 196 U.S. 375 (1905). The Supreme Court held that activity was commerce if it had a "substantial economic effect" on interstate commerce or if the "cumulative effect" of one act could have an effect on such commerce. Decisions such as *NLRB v. Jones, United States v. Darby*, 312 U.S. 100 (1941) and *Wickard v. Filburn*, 317 U.S. 111 (1942) demonstrated the Court's willingness to give an unequivocally broad interpretation of the Commerce Clause. Recognizing the development of a dynamic and integrated national economy, the Court employed a broad interpretation of the Commerce Clause, reasoning the even local activity will likely affect the larger interstate commercial economic scheme. In *United States v. Lopez*, 514 U.S. 549 (1995). In *Lopez*, the Supreme Court held that Congress only has the power to regulate the channels of commerce, the instrumentalities of commerce, and action that substantially affects interstate commerce, see *NFIB v. Sebelius*, 567 US. 519 (2012).

*Demetrius Williams* (signature)

Demetrius Williams 672570-054
FCI Allenwood
PO Box 2000
White Deer, PA 17887-2000

August 16, 2020

---

This motion is denied. Aside from the procedural infirmities under Rule 60, the motion suffers from the fact that Defendant did not plead guilty to violating 18 U.S.C. Section 922, so his professed constitutional challenge to it is irrelevant. In any event, as the Government notes, Section 922(g) is not an unconstitutional exercise of Congress' authority.

An appeal from this order would not be taken in good faith as the motion does not raise any meritorious claim.

The Government is to mail a copy of this memo endorsement to Defendant and certify that it did so in a filing by 11/23/20.

So Ordered.

11/18/20

3



Demetrius Williams 67257-054
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

U.S. District Court
300 Quarropas
White Plains NY 10601